**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                  02 Cr 1100 (RMB)

       -against-                                 **DECISION AND ORDER**

VERONICA BOWES,
                Defendant.
------------------------------------------------------------X

**Richard M. Berman, U.S.D.J.**:

**I. Background**

        On or about July 28, 2003, Defendant was found guilty after a jury trial of two counts - conspiracy to commit bank embezzlement and bank fraud and the substantive offense of bank fraud. On or about December 10, 2003 Defendant was sentenced, to among other things, 63 months in prison, three years of supervised release (with therapeutic counseling as a special condition [if deemed necessary by probation]), and restitution in the amount of $4,399,735.66. Defendant appealed the sentence, the Second Circuit affirmed but remanded in conformity with United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

        Under Crosby, the Court needs to determine whether it would have imposed a different sentence in light of the decision in United States v. Booker, 125 S. Ct. 738 (2005). If after consideration of all the factors listed in 18 U.S.C. § 3553(a) and treating the Guidelines as advisory, the Court would have imposed a materially different sentence, then re-sentencing of the defendant is required.

        In connection with this remand, the defense has submitted letters dated June 9, 2005, July 7, 2005 and July 26, 2005. The Government has submitted a letter dated August 15,

2005 in response.

Among other things, the defense requests that the Court re-sentence the Defendant "to a period of incarceration substantially lower than the 63-month guideline sentence it originally imposed." Defense Letter dated June 9, 2005 at 1. The defense asks the Court to consider, among other things, Defendant's role in the offense as well as her personal circumstances, including the death of her husband, the health problems of her daughter, her significant achievements in prison, her own poor health, the difficulties her children have had in her absence as well as her acceptance of responsibility. Id. at 2 and July 26, 2005 Letter (attaching letter from Defendant dated July 20, 2005).

The Government opposes a re-sentencing of the Defendant, stating: "[B]owes committed a very serious offense that facilitated a massive fraud that resulted in an ultimate loss of over $4.3 million to Chase Bank. Bowes took advantage of her position at the Columbia SFSO [Student Financial Services Office] to commit the charged offense[s]. Moreover, Bowes received a significant amount of money as her reward for assisting McTair with the offense[s]. Bowes also refused to accept responsibility for her offense[s], and, in fact, repeatedly lied to agents of the FBI and to the jury and Court during the trial. Given the amount of the loss involved in this case, Bowes' involvement in McTair's attempts to cover up the crime, the fact that she lied to agents and the jury, and the fact that she used her trusted position at Columbia to commit the offense[s], the 63-month sentence Bowes received was plainly reasonable." Government Letter at 13.

## II. Legal Standard and Analysis

In the post Booker and post Crosby era, the Court must (and in this case has)

considered all of the factors listed in 18 U.S.C. § 3553(a) including but not limited to, (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (7) the need to provide restitution.

The Court has reviewed (i) the submissions of counsel - at the time of the original sentence as well as on the remand and (ii) the transcript of the original sentencing. Treating the Guidelines as advisory and after consideration of the factors set forth in 18 U.S.C. § 3553(a), (which the Court had also considered at the time of sentence), the Court finds that it would not have sentenced Defendant Bowes to a nontrivially different sentence had the Guidelines been advisory at the time of her sentence.

At the time of her original sentence, the Court considered among other things, (1) the nature and circumstances of the offense and the history and characteristics of the defendant - the Court considered the offenses of conviction, the Defendant's family and personal circumstances - including, among other things, the death of her husband, her child's medical problems, her educational and employment background and her age [The Court notes it imposed as a special condition of supervised release, therapeutic counseling if deemed necessary by

probation.];

(2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner - the Court considered the amount of loss involved, the means by which the scheme was carried out, the position the Defendant held as well as her role in the offense.  It determined that the sentence was imposed (in conformity with 18 U.S.C. § 3553(a)) in order to reflect the seriousness of the offense, to promote respect for the law, to provide a just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes, and to provide the defendant with appropriate rehabilitative services;

(3) the kinds of sentences available - the Court considered the other available sentences as it considered whether a downward departure application made by the defense was warranted;

(4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines and

(5) policy statements issued by the Sentencing Commission - the Court conducted a guidelines analysis and determined certain enhancements applied, i.e. amount of loss, obstruction of justice but that other enhancements, i.e. abuse of trust, and sophisticated means did not apply. The Court found that the offense level was 26 [base offense level 6 + 18 for loss amount + 2 for obstruction of justice] and guidelines range of 63-78 months;

(6) the need to avoid unwarranted sentence disparities among similarly situated defendants - although not mentioned at the time of sentencing,  codefendant McTair, who pled guilty before

Judge Mukasey was initially sentenced to 87 months, and then re-sentenced to 66 months in November 2003. Defendant Rijos plead guilty to the conspiracy count and an unrelated theft charge and was sentenced to 33 months by this Court. (The Court notes parenthetically that defendant Rijos did not receive a two level enhancement for obstruction of justice and received a reduction due to acceptance of responsibility.)

(7) the need to provide restitution - the Court imposed restitution in the amount of $4,399,735.66 to JPMorgan Chase Bank. Defendant was found to be jointly and severally liable with her coconspirators for this amount.

### III. Conclusion and Order

The Court further finds that the sentence, as originally imposed, accords with 18 U.S.C. § 3553(a) and, among other things, properly reflects the circumstances of the offense and the Defendant and provides just reasonable punishment for Defendant's conduct. The Court incorporates by reference the transcript of proceedings held on December 10, 2003. **Defendant's request for re-sentencing is therefore denied.**

Dated: New York, New York
September 12, 2005

_____
**Hon. Richard M. Berman, U.S.D.J.**

9/12/05